## BLYTHE *v.* LUNING.

### (*Circuit Court, D. California.* March 13, 1882.)

TAXES—ON SECURITIES—DUTY OF CREDITOR TO PAY.
> Under the constitution and statutes of the state of California it is the duty of the mortgagee to pay the tax assessed upon the value of the security held by him, and if he accepts the full amount due him upon the mortgage he cannot afterwards repudiate all liability for such tax, but must discharge the mortgage and all liens incident thereto, including the lien for taxes.

Demurrer to the Complaint.

*McAllister & Bergin*, for plaintiff.

*Sidney V. Smith, Jr.*, for defendant.

SAWYER, C. J.   The constitution provides as follows:

"A mortgage, deed of trust, contract, or other obligation by which a debt is secured, shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby.   Except as to railroad and other *quasi* public corporations, in case of debts so secured, the value of the property affected by such mortaage, deed of trust, contract, or obligation, less the value of such security, shall be assessed and taxed to the owner of the property, and the value of such security shall be assessed and taxed to the owner thereof, in the county, city, or district in which the property affected thereby is situate.   *The taxes so levied shall be a lien upon the property and security, and may be paid by either party to such security.   If paid by the owner of the security, the tax so levied upon the property affected thereby shall become a part of the debt so secured; if the owner of the property shall pay the tax so levied on such security, it shall constitute a payment thereon, and, to the extent of such payment, a full discharge thereof:* provided, that if any security or indebtedness shall be paid by any such debtor or debtors after assessment and before the tax levy, the amount of such levy may likewise be retained by such debtor or debtors, and shall be computed according to the tax levy for the preceding year."   Const. Cal. art. 13, § 4.

Under this provision of the constitution it was the duty of defendant to pay this tax.   He was the party, and the only party, personally liable.   It was his debt, and not the debt of plaintiff.   The tax, however, is made a lien upon complainant's property as a means of securing its payment to the state.   As it is a lien upon the land, the statute and constitution gives the mortgagor the right to pay the tax, as a means of relieving his land—a means of securing a speedy discharge of the lien—and allows him to deduct the amount so paid from the amount of his debt secured by the mortgage.   But it is insisted that the right under the constitution is *strictissimi juris;* and that as the constitution only provides that, "if the owner of the property shall pay the tax so levied on such security, it shall constitute a payment thereon, and to the extent of such payment a full discharge thereof," he must pay the tax before he pays the debt, and, on the subsequent payment of the debt, deduct the amount before paid for taxes therefrom, but cannot pay the whole debt to a creditor who demands the whole, and repudiates any liability on his part to pay any part of the tax, and afterwards, when compelled to pay the tax in order to relieve the property from the lien, in addition to the whole debt, recover the amount from the party whose debt it is; that a payment under such circumstances is a voluntary payment of another's debt, which creates no liability.   To adopt this view would be not only to regard the right as *strictissimi juris,* but also, in construing the constitution, to "stick in bark."   *Qui hæret in litera, hæret in cortice.*

It can make no difference to the creditor whether the tax is paid first to the state and deducted from the debt, or the whole debt first paid to the creditor on his demand, and then refunded to the debtor, who is afterwards compelled to pay the tax to relieve his property from the lien; while for the debtor to first pay the tax to the state, and then enter into a legal controversy with a creditor who repudiates any liability, and the payment on his behalf, and refuses to receive the balance or discharge the lien, might greatly embarrass the debtor in the use or disposition of his property during the litigation, which may be protracted. When the mortgagor has paid to the mortgagee at maturity all the money which his contract requires, he is entitled to have the mortgaged property completely released from all liens and charges arising out of and incident to the mortgage; and he is entitled to have an immediate release from all such liens, in order that he may have the free and unobstructed use of his property. He has fully discharged all his liability to the mortgagee under the contract and the law, and he is entitled to have an immediate satisfaction and discharge of all liens and charges growing out of and incident to that contract, which the other party is required to give. The mortgagee, after receiving full satisfaction, cannot, for his own convenience, continue his lien for any portion of the demand against the consent of the mortgagor. It is true that, as security for the payment of the tax, he may require the mortgagor either to pay the tax himself, or to pay to him the amount, before releasing the mortgage. The right given to the mortgagor to pay the tax instead of paying the amount to the mortgagee is intended as a benefit to the mortgagor, and for his own protection, and not for the benefit or protection of the mortgagee. To adopt the construction insisted upon by the defendant would be to reverse this principle, and require him in many instances to stop and litigate his rights in advance, at the great hazard of losing his property by reason of his inability to make it available during the litigation. No such hazard was contemplated by the provisions of the constitution in question. In this case the mortgagee repudiated all liability to pay the tax, or any portion of it, levied on his secured loan; although the contract itself, as well as the constitution and law, so required. He accepted the full amount due him upon the contract by taking the money deposited for him under protest. It therefore becomes his duty to discharge the mortgage and all other liens incident to the contract. He had received the money from the mortgagor with which to pay the tax. As he declined to pay it, and the mortgagor was unable to use his property

by reason of the lien, which the mortgagee was bound to discharge, his payment was *in invitum,* and under *coercion,* or *quasi* legal duress, wrongfully imposed by the mortgagee, and in my judgment he is entitled to recover the amount so paid, with interest from the date of payment.

There is no impairing of the obligation of a contract in this case by these constitutional provisions. The new constitution had been adopted at the date of the mortgage, although but partially in force at the time. But, doubtless, the contract was made in anticipation of its going into effect, as it provided in express terms that the mortgagor should not pay the money in question, and by implication that the mortgagee should. The mortgagee was therefore bound to pay the tax under the contract, as well as under the constitution and statutes.

Let the demurrer be overruled, with leave to answer in the usual time and on the usual terms.