ANGLO-CALIFORNIAN BANK, Limited, v. EUDEY et al.

(Circuit Court of Appeals, Ninth Circuit. May 25, 1903.)

No. 910.

1. MORTGAGES—ASSIGNMENT SUBJECT TO TAXES—NOTICE IMPARTED BY RECORD.
   Defendant, as mortgagee, was assessed and taxed on a mortgage in California in the county where the property was situated and the mortgage recorded, the taxes under the laws of the state being a lien on the property. Defendant afterwards sold and transferred the mortgage by an assignment, also recorded, by which the assignee assumed and agreed to pay, on behalf of itself, its successors and assigns, all taxes which had been or might be assessed against defendant on the mortgage. A subsequent assignee foreclosed the mortgage, bought in the property, and received a certificate of purchase therefor, which he transferred to plaintiff. *Held,* that plaintiff took the mortgage interest charged with notice of the terms of the assignment of record, and subject to the burden of the taxes, and could not recover back from defendant the amount paid to discharge the same.

In Error to the Circuit Court of the United States for the Northern District of California.

Jesse W. Lilienthal, for plaintiff in error.
George W. Towle, Jr., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This action was commenced by Henry Eudey, during his lifetime, against the Anglo-Californian Bank, Limited, a corporation, in one of the superior courts of the state, and thereafter removed, on its petition, to the Circuit Court of the United States, where it was decided in favor of the plaintiff on a motion for judgment on the pleadings, and is brought here by writ of error sued out by the defendant below.

The complaint alleges that on the 1st day of January, 1894, the Gover Mining Company was the sole owner of certain described mining property, which it mortgaged on or about the 1st day of May, 1894, to plaintiff in error, as security for moneys borrowed at different dates, aggregating $15,000, which mortgage was thereafter, and prior to July 1, 1894, recorded in Amador county, Cal., where the mortgaged property is situate. The complaint alleges that on the first Monday of March, 1895, and at a like date in the years 1896 and 1897, the bank then being the owner and holder of the mortgage, the assessor of Amador county duly assessed the mortgage to the bank, and that thereafter the various statutory proceedings applicable to the assessment of the mortgage were had during each of the said years 1895, 1896, and 1897, including an entry in the assessment book of the county each of those years of the words, "Sold to the state"; that on February 26, 1900, the plaintiff was the owner and holder of the record title to the mortgaged property, having prior thereto succeeded to all the right, title, and interest of the Gover Mining Company therein, which property was then subject to the lien of the state for the unpaid taxes assessed upon the mortgage, together with interest, percentages, and penalties, all of which then was the personal debt of the bank, and then due and payable by it to the state of California and county of Amador; that after the plaintiff became the owner of the mortgaged property, and before the 26th day of February, 1900, he requested the bank to pay the taxes, interest, percentages, and penalties to the state, which it refused to do, and that the plaintiff was thereafter compelled to pay and did pay the same and all thereof, to his damage; that the same was so paid by the plaintiff under and by reason of duress, and to the use and benefit of the bank, and in discharge of its personal debt to the state of California and the county of Amador. Judgment was asked for the amount so paid, together with interest, percentages, and costs.
The amendment to the defendant's answer is as follows:

"And for a further and separate answer and defense to each of the several causes of action in said complaint stated or alleged, defendant admits: That the mortgage in said complaint mentioned was executed by the Gover Mining Company, a corporation, and was accepted by defendant on, to wit, April 30, 1894, to secure the payment of the moneys as in said complaint alleged, and that defendant thereafter continued to be the sole owner of said mortgage until, to wit, the 24th day of March, 1898. That said mortgage was, during each of the years 1895, 1896, and 1897, duly assessed to defendant by the assessor of said Amador county. That defendant did not pay the taxes so assessed, or any part thereof. That upon due and regular proceedings had, the mortgage interest of defendant in said mortgaged property, to wit, the said 'Gover Mine,' so called, so assessed, was by the proper officer sold to the state of California, as in said complaint alleged. That on March 24, 1898, defendant assigned said mortgage to Abner Doble Company, a corporation, and that said Abner Doble Company accepted said assignment, and that on April 13, 1898, the said Abner Doble Company, for value, assigned said mortgage to Thomas Chichizola, who at that time had notice of the terms of said assignment to said Abner Doble Company. That on, to wit, May 4, 1898, said Chichizola commenced a suit in the superior court of said Amador county to foreclose said mortgage, and thereafter such proceedings were duly and regularly had therein that the said property was by the order and decree of said court in said cause ordered to be sold in satisfaction of the sum due upon said mortgage, to wit, the sum of $18,042.63 and $7.50 costs. That a

sale of said property was thereafter duly and regularly made, pursuant to the order and decree of said court in said cause, and at such sale the said Thomas Chichizola bid in the said property, paying therefor the full sum adjudged to be due upon said mortgage, and said costs and the expenses of sale, and thereupon received a proper certificate of sale therefor. That said Chichizola thereafter, for value, assigned said certificate of sale to plaintiff. That on June 30, 1894, J. Costa et al. commenced a suit in the superior court of said Amador county against said Gover Mining Company, the said the Anglo-Californian Bank, Limited, et al., to foreclose certain miners' liens upon said Gover mine, and such proceedings were duly and regularly had therein that on, to wit, November 22, 1898, judgment was duly given and entered therein in favor of said plaintiffs, and thereafter execution thereon was issued, and the premises covered by said mortgage, and all thereof, were on, to wit, April 1, 1899, duly and regularly sold thereon to Julius Chichizola for the sum of, to wit, $2,354.83, subject to redemption. That on, to wit, October 3, 1899, plaintiff redeemed said property sold from said Julius Chichizola, and on the same day received from Julius Chichizola an assignment of his certificate of sale for said property. That on, to wit, January 14, 1899, all of said property was, upon proceedings duly and regularly had to that end, in the action brought by A. Chichizola against the said Gover Mining Company in the superior court of said Amador county, sold on execution upon an ordinary money judgment by the sheriff of said county to A. Chichizola for the sum of, to wit, $12,094.90. That on, to wit, October 4, 1899, the said A. Chichizola redeemed from plaintiff the property sold in said foreclosure proceedings, and thereafter received the sheriff's deed therefor. That thereafter, and on, to wit, December 7, 1899, the said A. Chichizola made a quitclaim deed of said property to plaintiff. That plaintiff's interest in and title to said property was on and prior to and after the 26th day of February, 1900, such only as he acquired by and through said several sales and deeds. That prior to the time that plaintiff made the payments to the state of California in the complaint alleged no redemption of said mortgaged property or mortgage interest therein sold to the state of California had been made by any one, and that plaintiff, before making said payments, requested defendant to make said redemption, which defendant then refused to do. That the assignment of said mortgage from defendant to said Abner Doble Company was recorded in said Amador county on, to wit, April 15, 1898, and said assignment contained the following provisions, to wit: 'These presents are made upon the express condition that the said Abner Doble Company, its successors or assigns, assume and pay all taxes now assessed or that at any time hereafter may be assessed upon said mortgage or the debt secured thereby, to the extent that said the Anglo-Californian Bank, Limited, may be or become personally liable therefor. And the receipt or acceptance of this assignment by said Abner Doble Company shall be deemed by it an assumption of said liability accordingly.' "

As the case was submitted upon the pleadings, the facts thus set up in the answer must, of course, be accepted as true. It is not claimed that the money sued for was paid out by the plaintiff upon the previous request of the bank, nor that there was a subsequent promise on its part to reimburse the plaintiff for the moneys so paid. But, as was held by this court in the case of Irvine v. Angus, 93 Fed. 629, 633, 35 C. C. A. 501, 505, "neither a previous request to pay nor a subsequent promise to reimburse need be proved to warrant a recovery in an action like this, when it is shown that the plaintiff was, for the protection of his own property, or the preservation of a lien held by him on the property, compelled to pay what the defendant himself ought to have paid. The payment under such circumstances will not be deemed to have been officiously made, nor will the plaintiff be looked upon as a mere volunteer or intermeddler in matters in which he has no interest or concern." That is a familiar and well-

settled principle of law; but is it applicable to the facts of the present case? It is true that by sections 4 and 5 of article 13 of the Constitution of California, and section 3627 of the Political Code of that state, it is made the duty of the mortgagee, and not of the mortgagor, to pay the mortgage tax; for the obligation is that of the mortgagee, and not that of the mortgagor. It was so held by the Circuit Court of the United States in Blythe v. Luning, 5 Sawy. 506, 14 Fed. 281, and the decision approved by the Supreme Court of the state in San Gabriel Company v. Witmer Company, 96 Cal. 623, 29 Pac. 500, 31 Pac. 588, 18 L. R. A. 465, 470. But it appears from the record that the assignment of the mortgage in question, made by the plaintiff in error to the Abner Doble Company, and which assignment was duly recorded in the county where the property is situate on the 15th day of April, 1898, was made upon the condition that that company, its successors and assigns, should assume to pay all taxes then assessed or that at any time thereafter might be assessed upon the mortgage or the debt secured thereby to the extent that the mortgagee bank may be or become personally liable therefor, which liability the assignee of the mortgage assumed, and which mortgage was in turn assigned by the Abner Doble Company to one Thomas Chichizola with full notice of the condition, by whom the mortgage was foreclosed, and who became the purchaser of the property at the foreclosure sale made under the decree of foreclosure, and who, subsequent to the receipt by him of the sheriff's certificate of sale, assigned the same to the plaintiff Eudey. The plaintiff, therefore, took precisely what Chichizola had; nothing more, nothing less; and must be regarded as standing in his shoes. He must be held chargeable with knowledge of the public records, which imparted knowledge of the fact that the assignment of the mortgage carried with it into whosesoever hands it should come the obligation to pay the taxes that had been or should be assessed against it, or the moneys secured thereby. Chichizola got by the assignment of the mortgage in question to him precisely what his assignor had,' to wit, the mortgage charged with the duty and obligation to pay the taxes thereon which had been assessed against the original mortgagee, the plaintiff in error. That obligation, as has been seen, was assumed by the Abner Doble Company for itself, its successors and assigns; and its assignment, taken by Chichizola, was taken charged with the same burden. He purchased at the foreclosure sale with the same burden resting upon him, and when the plaintiff Eudey took from him the sheriff's certificate of sale he took with knowledge of that burden. When, therefore, the latter paid the taxes in question, he was but discharging the obligation imposed as a condition of the original assignment from the plaintiff in error to the Abner Doble Company, and assumed by it, and in turn by its successors and assigns.

The judgment must therefore be reversed, and cause remanded, with directions to the court below to enter judgment for the defendant, with costs.